IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | A02-0007-CR (JWS) |
| ) | |
| vs. ) | |
| ) | |
| GABRIEL CLARK-AIGNER, ) | |
| ) | **AFFIDAVIT OF COUNSEL RE:** |
| Defendant. ) | **MOTION FOR EVIDENTIARY** |
| ) | **HEARING ON DISPUTED ISSUES** |

Scott A. Sterling being first duly sworn declares:

1.  I am counsel for defendant Gabriel Clark-Aigner in connection with his petition, filed pursuant to 28 U.S.C. § 2255, to correct, modify or vacate his sentence.

2.  Based upon the fact that Mr. Clark-Aigner alleges in that petition that he received ineffective assistance of counsel, I contacted attorney Matt Claman of Anchorage, who represented Mr. Clark-Aigner in the proceedings before this court up to and including imposition of sentence. Mr. Claman advised that he remembered Mr. Clark-Aigner and his case, and that there existed adequate attorney-client communications throughout the representation, including communication concerning the Rule 11 plea agreement and its implications in terms of any sentence that might be or was imposed. Mr. Claman also advised that he still has Mr. Clark-Aigner's files in his possession.

3. Although Mr. Clark-Aigner was placed in administrative segregation and medical segregation during much of the fall of 2005 I received written communications from him affirming his belief that Mr. Claman .proved ineffective by reason of failing to adequately communicate with and/or explain to Mr. Aigner the implications, in terms of sentencing, of his proceeding to trial versus negotiating a Rule 11 plea agreement. In addition, As noted, Mr. Aigner claims that Mr. Claman did not adequately communicate with him concerning the actual or probable risk that he would receive a sentence in excess of 10 years imprisonment.

4. For those reasons and upon those grounds I believe that it is necessary and appropriate for the court to hold an evidentiary hearing to take testimony from Mr. Clark-Aigner and Mr. Claman on those issues directly pertaining to the claim of ineffective assistance of counsel.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Scott A. Sterling

SUBSCRIBED AND SWORN to before me this 5th day of December, 2005 at Wasilla, Alaska.

_____
NOTARY PUBLIC in and for Alaska
My Commission Expires: 11-18-09

*State of Alaska*
**NOTARY PUBLIC**
Ann L. DeArmond
My Commission Expires November 18, 2009


Sterling & DeArmond
851 E. Westpoint Drive Suite 201  Wasilla, Alaska 99654
(907) 376-8076  www.alaskalawyers.net  FAX (907) 376-8078

<u>United States v. Clark-Aigner</u>
A02-0007-CR (JWS)
Affidavit of Counsel:
Motion For Evidentiary Hearing
Page 2 of 3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by (U.S. Mail, first class, postage-prepaid)(delivery)((fax)), on the 5ᵗʰ day of _Dec,_ , 2005 upon:

AUSA Kevin Feldis
Federal Bldg. & U.S. Courthouse
222 West 7ᵗʰ Avenue, #9
Room 253
Anchorage, Alaska 99513-7567
Fax: (907) 271-3224

Counsel for Plaintiff
United States of America

By: _____



Sterling & DeArmond
851 E. Westpoint Drive Suite 201   Wasilla, Alaska 99654
(907) 376-8076   www.alaskalawyers.net   FAX (907) 376-8078

United States v. Clark-Aigner
A02-0007-CR (JWS)
Affidavit of Counsel:
Motion For Evidentiary Hearing
Page 3 of 3