IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | A02-0007-CR (JWS) |
| ) | |
| vs. ) | |
| ) | |
| GABRIEL CLARK-AIGNER, ) | |
| ) | **DEFENDANT'S** |
| Defendant. ) | **OPPOSITION TO** |
| _____) | **MOTION TO DISMISS** |

Excludable delay under 18 U.S.C. § 3161(h), delay attributable to filing by defendant, may occur as a result of the filing or granting of the present filing.

Mr. Clark-Aigner filed a pro se petition under 28 U.S.C. §2255 to modify or vacate his sentence. He alleged that he received ineffective assistance of counsel. That petition was filed more than one year after Clark-Aigner's judgment became final under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 124. See also 28 U.S.C. § 2255 (" § 2255")(Under AEDPA federal prisoners are typically required to file a motion for habeas relief within one year from "the date on which the judgment of conviction becomes final").

The Supreme Court has explained that "[b]y 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (applying this definition to determine

retroactivity of a criminal procedural rule).  Finality is normally defined by the imposition of the sentence." <u>Flynt v. Ohio</u>, 451 U.S. 619, 620, 101 S.Ct. 1958, 68 L.Ed.2d 489 (1981) (per curiam).   A judgment of conviction is defined by Federal Rule of Criminal Procedure 32(k) as "the plea, the jury verdict or the court's findings, the adjudication, and the sentence."

A district court's denial of the habeas corpus petition based upon untimeliness is reviewed de novo. <u>United States v. Battles</u>, 362 F.3d 1195, 1196  (9th Cir. 2004) citing <u>Laws v. Lamarque</u>, 351 F.3d 919, 922 (9th Cir.2003).  If the underlying facts on a claim for equitable tolling are undisputed, we review the equitable tolling decision de novo.  <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir.2003).  "Otherwise, findings of fact made by the district court are ... reviewed for clear error."   Id.

The Government moved to dismiss Clark-Aigner's 2255 petition arguing among other points that the petition was time-barred under AEDPA.  The court directed defense counsel to file a supplemental brief articulating Clark-Aigner's opposition to that motion.

Clark-Aigner testified at an evidentiary hearing on his 2255 petition.  His reasons for not timely filing his petition were that (1) he was not advised by counsel of the one-year statute of limitations under AEDPA, (2) the Bureau of Prisons moved him among three different prisons making it difficult for him to keep track of his legal and case records, and (3) that he actually had posted in the prison mail system a timely petition which was never received by the clerk of the court.

Clark-Aigner essentially requests for the court to equitably toll the running of the one-year statute of limitations. In <u>United States v. Battles</u>, 362 F.3d 1195 (9th Cir. 2004) (The statute of limitations contained in § 2255 is subject to equitable tolling). The test is whether a 2255 petitioner facing dismissal for untimeliness can demonstrate that he failed to file on time due to "extraordinary circumstances beyond his control that made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." <u>Battles</u>, 362 F.3d 1197, citing <u>Laws</u>, 351 F.3d at 922.

The extraordinary-circumstances-amounting-to-causal-impossibility test has made it hard for defendants to overcome the one-year limitations bar. In <u>United States v. Schwartz</u>, 274 F.3d 1220 (9th Cir.2001) the court upheld denial of a 2255 for untimeliness based upon the fact that the defendant could not demonstrate that circumstances beyond her control prevented her from filing within the one-year limitations period.

In <u>United States v. Midgett</u>, 229 F.3d 1160, (9th Cir.2000) Midgett argued that the one-year limitations period was equitably tolled during the pendency of various post-conviction motions for copies of trial transcripts and that, as a result of such tolling, his 28 U.S.C. § 2255 motion was timely filed. The 9th Circuit disagreed, holding that AEDPA's one-year statute of limitations is subject to equitable tolling only where "extraordinary circumstances" beyond the petitioner's control make it impossible for a petition to be filed on time. The circumstances alleged by Midgett apparently were insufficient to invoke the benefit of equitable tolling.

<u>United States v. Clark-Aigner</u>
A02-0007-CR (JWS)
Opposition To Motion To Dismiss
Re Statute of Limitations
Page 3 of 6

Clark-Aigner's petition differs, however, in that he has demonstrated, via his testimony, that frequent movement within the prison system, which led to his losing track of his legal files, and his lost mail, all impeded and effectively prevented him from timely filing his petition. The fact he was not advised by counsel of the one-year statute of limitations also lends weight to his claim.

While there does not seem to be any precise test for defining "extraordinary" circumstances amounting to justification for invoking the equitable tolling remedy, it is reasonable to conclude that when a federal prisoner is frequently moved from prison to prison that his or her files could readily and easily be lost, misplaced and delayed.

The fact that Clark-Aigner himself was oftentimes in administrative segregation (and in fact testified that he had to post his pro se petition from administrative segregation) are not the ordinary circumstances facing a federal prisoner seeking post-conviction relief.

While bar against untimely petitions is high it ought not to be set so high so as to effectively deny all or nearly all untimely filed 2255 petitions. Clark-Aigner, sans benefit of counsel and without being able to consult his legal files, attempted in good faith to file a pro se 2255 petition. He failed to timely file but his reasons for doing so fit within the context of the actual circumstances of his incarceration.

The court should deny the Government's motion to dismiss for untimeliness, equitably toll the limitations period and dispose of the subject petition on its merits.

RESPECTFULLY SUBMITTED this 21st day of July, 2005 at Anchorage, Alaska.

        Sterling & DeArmond, P.C.
        Counsel for Defendant
        Gabriel Clark-Aigner


By:/s/ Scott A. Sterling
    Scott A. Sterling

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by the ECF system on the 21st day of July, 2005 upon:

U.S. Attorney for Alaska
Federal Bldg. & U.S. Courthouse
222 West 7th Avenue, #9
Room 253
Anchorage, Alaska 99513-7567
Fax: (907) 271-3224

Counsel for Plaintiff
United States of America

By:/s/ Scott A. Sterling

**United States v. Clark-Aigner**
**A02-0007-CR (JWS)**
**Opposition To Motion To Dismiss**
**Re Statute of Limitations**
**Page 6 of 6**