UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>GABRIEL CLARK-AIGNER,<br><br>        Defendant. | 3:02-cr-00007-JWS-JDR<br><br>**RECOMMENDATION<br>REGARDING<br>MOTION TO VACATE<br>(§ 2255)**<br><br>(Docket No. 337) |

      Gabriel Clark-Aigner, defendant herein, moves the court pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence. Docket entry 337.[1] The

---

[1] Pursuant to 18 U.S.C. §3006A (CJA Act) Clark-Aigner was appointed counsel to assist him in his post-conviction motion. His attorney, Scott Sterling, was given an opportunity to amend the petition filed by Clark-Aigner pro se or to submit a notice that no amended petition would be filed. Mr. Sterling did neither,

government filed an opposition to the motion to vacate at docket entry 359. In its opposition the government argues that the motion to vacate is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and if timely filed then lacking in merit. An evidentiary hearing was conducted on disputed factual issues on July 5, 2006. The magistrate judge heard testimony regarding Clark-Aigner's claim that he attempted to timely file a motion to vacate in June 2003, and that it was not forwarded to the court by the prison administrators where he was incarcerated. The court also heard testimony regarding the defendant's claims that his plea of guilty was not voluntarily made and that he was denied the effective assistance of counsel. Upon due consideration of the evidence adduced and arguments of counsel, the magistrate judge recommends that the motion to vacate be DENIED as procedurally barred under AEDPA.

## Procedural History and Background

In January 2002, the grand jury for the district of Alaska indicted Clark-Aigner charging him with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. §1951(a) (Count 1); interference with commerce by robbery in violation of 18 U.S.C. §1951(a) (Counts 2 and 4); and with brandishing a firearm

---

but filed a motion for an evidentiary hearing on disputed issues. Docket No. 365. Accordingly, the court considers the grounds asserted in the June 10, 2005 motion to vacate, Docket No. 337, as well as the ineffective assistance of counsel claims addressed in the motion for an evidentiary hearing, Docket No. 365, as constituting the defendant's motion to vacate.

during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(c) (Counts 3, 5, and 7); with attempt to interfere with commerce by robbery in violation of 18 U.S.C. §1951(a) (count 6); and with transferring a firearm to be used to commit a crime of violence in violation of 18 U.S.C. §924(h) (Counts 8, 9, and 11).  The indictment charged four defendants.  The government's theory was that Clark-Aigner was the leader of an Anchorage street gang called "Good Boys Trés Surenos" (GBTS) and that under his leadership Clark-Aigner participated in the planning and commission of one armed robbery and one attempted armed robbery of the Spenard Motel in Anchorage.  The government further contended that Clark-Aigner and other GBTS gang members carried, used, and brandished firearms.  During a third robbery of the Spenard Motel, in late January 2001, an individual seeking membership in GBTS was shot multiple times and severely injured.

Matthew Claman, an attorney on the CJA Panel, was appointed to represent Clark-Aigner in defense of the federal prosecution.  Mr. Claman also represented Clark-Aigner in ongoing State criminal charges pending in Superior Court for the State of Alaska.  Pursuant to a plea agreement with the federal prosecutor, Clark-Aigner pled guilty to counts 2, 3, 4, and 5 of the indictment. The plea agreement contained a waiver of the right to collaterally attack his conviction and/or sentence, except as to any challenge alleging ineffective assistance of

counsel and/or a challenge to the voluntariness of his guilty pleas. On August 7, 2002, the district court sentenced Clark-Aigner to 300 months in prison consisting of 87 months on Counts 2 and 4 to be served concurrent; 84 months on count 3 to be served consecutive to Counts 2, 3 and 4; 60 months supervised release consisting of 36 months on counts 2, 3 and 4, and 60 months on Count 5; terms to be served concurrent plus special assessments and restitution. Docket Nos. 245 & 246. Clark-Aigner did not file a direct appeal. He successfully filed a motion to vacate bearing a court file stamp indicating it was received on June 10, 2005. This motion to vacate signed by Clark-Aigner is dated June 8, 2005. Docket No. 337.

## Factual Findings From Evidentiary Hearing

## Timely Filing of § 2255 Motion

Clark-Aigner was sentenced on August 7, 2002, Docket No. 245. After he arrived at the Atwater Prison he learned about his right to file a § 2255 motion. Tr. 36 (Transcript of July 5, 2006 Evidentiary Hearing). He told people at that facility about his case including his Plea Agreement and having been in a psychiatric ward. Tr. 37. They suggested he should question his Plea Agreement. Tr. 38. When the defendant "got in trouble" he was placed in the "hole" (segregation) and did not have access to his paperwork. Tr. 39.

Clark-Aigner claims that towards the end of the first year of his prison sentence he prepared a § 2255 motion based on information obtained from a person at the prison law library. Tr. 40. Clark-Aigner began serving his federal sentence on August 7, 2002. Relative to filing an earlier motion to vacate, he states the following:

> While in segregation he gave a sealed manila envelope with stamps affixed to a CO (prison guard). The envelope contained his first § 2255 motion and it was addressed to the Clerk of Court using Judge Sedwick's address. Tr. 56, 57. The defendant told the CO it was legal mail. Tr. 56. The CO advised Clark-Aigner that he was going to check with the lieutenant and see if the enveloped had to be opened (and screened) before it was placed in the mail stream. Tr. 56.

Under the "mail box rule," a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail. Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). The underlying factual question is whether Clark-Aigner has offered sufficient proof that he delivered a legal document to the prison authorities for filing by mail. Other than the defendant's vague testimony in this

regard there is no corroboration for his claim that he submitted for mailing to the court a document that might be considered a habeas petition.

    Clark-Aigner did not receive any response from the court as a result of the alleged mailing, and the record does not reflect what happened to the envelope containing the earlier § 2255 motion. There is no record that the envelope was received by the U.S. District Court. Clark-Aigner did not keep a copy for himself. The defendant explains that he did not follow-up on what happened to the envelope because prison inmates told him that it often takes a long time for the court to act on a post-conviction motion. Clark-Aigner estimated that he spent about 75-80% of his time in segregation and thus had no access to a law library during that time to gather information relevant to challenging his sentence in this case. The usual disciplinary punishment in federal prisons including placement in segregation do not preclude the prisoner from having limited access to legal materials, if requested. After learning about <u>United States v. Booker</u>, 543 U.S. 220 (2005), from the news media he decided to file a (second motion) to vacate, repeating essentially the same grounds as asserted in the first motion with the addition of a "<u>Booker</u>" argument.

    The motion to vacate filed at Docket No. 337 appears to be on a form for § 2255 motions. There is no form number or date to identify where it came from. Paragraph No. 10 of that motion asks the petitioner whether he has previously filed any other motions, petitions or applications concerning his judgment of conviction

3-02-cr-00007-JWS-JDR CLARK-AIGNER 2255 @337 RR Re Mtn to Vacate.wpd   6

Initial R&R @337 Re Motion to Vacate
3-02-cr-00007-JWS-JDR   Signed by Judge John D. Roberts   08/23/2006; Page 6 of 16

in any court to which Clark-Aigner answered "no." Had he answered that question in the affirmative the next question asked for information about the date of filing and grounds raised. The defendant has not offered any evidence from the institutions of his confinement to substantiate his claim of earlier filing a habeas petition. The defendant has not identified the name of the guard or the date on which he purportedly gave his papers to the guard for mailing. One would expect that if he had submitted papers to send to the federal court as claimed he would have taken some follow up action within the intervening years to inquire about its status.

The defendant appeared before the U.S. District Court in Alaska for his underlying criminal proceedings and well knew the identity and location of the courthouse where he needed to file his federal habeas petition unlike many state prisoners who may never have appeared before the federal court that has jurisdiction over their federal habeas claims. On the record before this court I conclude that the defendant's lack of diligence rather than his denial of access to his legal documents caused him to miss the statutory filing deadline. I therefore conclude that the defendant has presented insufficient evidence to substantiate his claim of an earlier filed habeas petition. However, that does not end the inquiry. He also argues that his petition filed June 10, 2005, Docket No. 337, should be considered timely filed because of equitable tolling.

According to Clark-Aigner he filed his first § 2255 petition (by giving it to the prison guard) within one year. Tr. 39. Assuming arguendo that he did file a petition on that date, then his petition would have had to have been filed no later than August 17, 2003. The petition before the court in the instant case was received by the clerk on June 8, 2005. The defendant argues for equitable tolling of the time elapsed between August 17, 2003 and June 8, 2005.

**Discussion**

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect on April 24, 1996 and imposes a one year statute of limitations for prisoners in federal and state custody to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The period of limitations begins with the latest of:

- ♦ The date of final completion of direct state review procedures;
- ♦ The date of removal of a government impediment preventing the prisoner from filing for habeas relief;
- ♦ The date of Supreme Court recognition of the underlying federal right and of the right's retroactive application; or
- ♦ The date of uncovering previously undiscoverable evidence upon which the habeas claim is predicated.

Generally, a qualifying petition must be "properly filed" with the appropriate court within the time allowed by the statute of limitations. Under the "mail box rule," a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail. Lott v. Mueller, 304 F.3d at 921. A conviction is final in the context of § 2255 review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a Petition for Certiorari elapsed or a Petition for Certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 329 n. 6 (1987).

The statute of limitations for Clark-Aigner began to run upon the expiration of the time during which he could have sought review by direct appeal. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Clark-Aigner did not file a direct appeal, and thus his conviction became final on August 17, 2002, which was ten days after August 7, 2002, the date the District Court entered its judgment of conviction. Notwithstanding the ordinary rules of "finality," Clark-Aigner argues that the time for filing his § 2255 motion should be extended because (1) he was not advised by trial counsel of the one year statute of limitations under AEDPA; (2) the Bureau of Prisons moved him among three different prisons making it difficult for him to keep track of his legal and case records; and (3) that he actually had posted in the prison mail system a timely petition which was never received by the clerk of court. Defendant's Opposition to Motion to Dismiss, Docket No. 377, pp. 2-3. Each of these grounds alleged for equitable tolling have been duly considered.

The defendant cites no authority for requiring trial counsel to advise a defendant upon conviction of the one year statute of limitations to file a post-judgment motion under § 2255. Although trial counsel has an obligation to advise a defendant of his right to file a direct appeal this duty does not extend as yet to any right to advisement about post-conviction proceedings. I decline to find such right in this case. Attorney error is generally not a basis for equitable tolling of the federal habeas deadline. *See* for example, Merritt v. Blaine, 326 F.3d 157, 169 (3rd Cir. 2003); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003)("A mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (Ineffective assistance of counsel attributed to an attorney's negligence or mistake generally not considered an extraordinary circumstance for equitable tolling purposes).

Equitable tolling is an extraordinary remedy employed by the court only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808. Even

for an incarcerated pro se petitioner, ignorance of the law generally does not excuse prompt filing of a federal habeas petition. *Id.*; Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). I find instructive the Supreme Court's holding that a petitioner in state custody who unnecessarily delays state court proceedings which must be exhausted before a federal habeas petitioner will be entertained is not entitled to a stay of federal habeas proceedings. Rhines v. Webber, 544 U.S. 269 (2005). That a petitioner may be untrained or unskilled in the law does not constitute extraordinary circumstances beyond his control for which equitable tolling is justified. *See* Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Clark-Aigner claims that he did not contact this federal court to inquire as to the status of his habeas petition because he had been told by inmates that it often takes considerable time for habeas petition to be adjudicated. Reliance on the prison legal system or an inmate for assistance does not relieve Clark-Aigner from his personal responsibility of complying with the law. Marsh, 223 F.3d at 1220.

The defendant suggests that it was reasonable for his delay in filing a petition in June 2005 based upon his reliance that he had actually posted a petition through the prison mail system even though no record of that posting has been produced to corroborate his testimony. I conclude that it is unreasonable to apply equitable tolling for that duration particularly when the defendant took no action to determine if he had timely filed a petition. In Evans v. Chavis, 126 S.Ct. 846 (2006)

the Supreme Court held that a federal habeas petition was untimely because of "unreasonable delays" between the petitioner's filings in state court. The Supreme Court held that an unexplained gap of more than six months between filings in state court was unreasonable. I take guidance from Evans in that equitable tolling is only available when an inmate diligently pursue's his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *See* Calderon v. United States Dist. Court for Cent. Dist. of California (Kelly) 163 F.3d 530, 535 (9th Cir. 1998)(en banc); Steed v. Head, 219 F.3d 1298, 1390 (11th Cir. 2000); Harris v. Hutchison, 209 F.3d 325, 330 (4th Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998); and Miller v. New Jersey State Dept of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).

Clark-Aigner claims that the June 2005 petition contains the same allegations as his initial petition with the addition of an issue raised under Booker.[2] Federal Rules Civil Procedure 15(c) permits the relation back of an "amendment of

---

[2] The defendant's claim that he was sentenced pursuant to unconstitutional sentencing guidelines based on Blakely v. Washington, 542 U.S. 296 (2004) (Ground 4 of the Petition) does not extend the statute of limitations. Clark-Aigner's claim that his attorney rendered ineffective assistance of counsel would require a retroactive application of United States v. Booker, 543 U.S. 220 (2005) and Blakely, supra. The Ninth Circuit's decisions denying retroactive application to Blakely and Booker foreclose that argument. *See* United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(declining to apply Booker retroactively to a conviction that became final on May 7, 2001); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005)(declining to apply Blakely retroactively).

a pleading." However, Clark-Aigner's June 2005 petition is more than an amendment, it constitutes a separate filing, more than a year and a half after the first so-called petition. Also, there is nothing for the June 2006 petition to relate back to. *See* Nyland v. Moore, 211 F.3d 1264, 1266 (11th Cir. 2000) and Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994). Unless the June 2005 petition was timely filed based on independent equitable tolling then that second petition cannot relate back to the first petition assuming it was timely filed. *See* Raspberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006). The new Booker claim cannot relate back. Amendments to a habeas petition, submitted after the expiration of a year, to a petition filed within the one year period limitation, that assert claims unrelated in time and type to those found in the original petition do not relate back and are time barred. Mayle v. Felix, 125 S.Ct. 2562, 2569 - 2570 (2005).

Clark-Aigner seeks excludable delay for the time in which he was transferred from prison to prison or deprived of his legal records. Clark-Aigner claims that he spent three months in the "hole" in Lewisberg. Tr. 42. Granted that the defendant was moved to several different prisons he has not shown that these transfers consumed enough time to equitably toll the statute of limitations to reach the filing date of June 2005.[3] In the Ninth Circuit equitable tolling of the filing

---

[3] From April 2003 to March 2004 Clark-Aigner was at USP Atwater.
From April 2004 to August 2004, Clark-Aigner was at USP Lewisberg.
From August 2004 to April 2006, Clark-Aigner was at USP Atlanta.

deadline for habeas petitions is available "only if extraordinary circumstance beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Miles does provide that "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Id. at 1107. Courts have recognized that grounds for granting equitable tolling or statutory tolling are "highly fact dependent." Whalen/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir. 2000)(en banc).

The defendant cites Socop-Gonzales v I.N.S., 272 F. 3d 1176 (9th Cir. 2001)(en banc), wherein an alien had sufficiently raised before the Board of Immigration Appeals an issue whether the ninety day period for filing a motion to reopen should be equitably tolled. The Ninth Circuit ruled that the ninety day period would be equitably tolled based on incorrect advice received by the alien from his Immigration and Naturalization Service (INS) officer. That case is readily distinguishable because there the government had provided incorrect advice to the petitioner.

The Ninth Circuit has recognized that "it is unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own and within the limitations period without access to his legal file." Espinoza-Matthews v. People of California, 432 F.3d 1021, (9th Cir. 2005). Clark-Aigner could reasonably have been expected to file his motion within the time remaining in the limitations period

excluding the time he was in the "hole" and therefore without his legal records or in transit from one prison to another.  Generally, equitable tolling is applied from the date on which the impediment to the filing and application is created by government action until the time it is removed.   The record does not support the petitioner's claim that government action prevented him from timely filing a § 2255 motion.  Therefore, the court does not reach the merits of the ineffective assistance of counsel claim.  The motion to vacate brought pursuant to 28 U.S.C. § 2255 should be denied as procedurally barred.  IT IS SO RECOMMENDED.


DATED this 23rd day of August, 2006, at Anchorage, Alaska.


/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Friday, September 8, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in

length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **NOON, Friday September 15, 2006**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).

3-02-cr-00007-JWS-JDR CLARK-AIGNER 2255 @337 RR Re Mtn to Vacate.wpd                                                             16

3-02-cr-00007-JWS-JDR | Initial R&R @337 Re Motion to Vacate
Signed by Judge John D. Roberts | 08/23/2006; Page 16 of 16