FILED

AUG 25 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>GABRIEL CLARK-AIGNER,<br><br>Defendant - Appellant. | No. 06-35965<br><br>D.C. Nos. CV-05-00132-JWS<br>               CR-02-00007-JWS<br><br>MEMORANDUM* |



Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 7, 2008
Anchorage, Alaska

Before: D.W. NELSON, TASHIMA, and FISHER, Circuit Judges.

Gabriel Clark-Aigner appeals the dismissal of his 28 U.S.C. § 2255 motion.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255(d), and affirm the

dismissal.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Clark-Aigner's acknowledged failure to follow up on a petition he claimed to have sent in 2003 precludes application of the prison mailbox rule, which may deem a document filed at the time a pro se defendant delivers it to prison authorities for forwarding to the court clerk. *See Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (holding that a prisoner who delivers a document for mailing that was never received by the court "gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time").

Clark-Aigner's failure to pursue his rights diligently also precludes the application of equitable tolling of the one-year statute of limitations for habeas petitions to the motion he filed in June 2005. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that equitable tolling applies where a petitioner can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"). We agree with the district court's conclusion that Clark-Aigner's lack of diligence, rather than denial of access to his legal documents or inadequate prison library access, caused him to miss the statutory filing deadline.

As a result, the petition Clark-Aigner filed in 2005 was properly dismissed as untimely.

AFFIRMED.