# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GABRIEL CLARK-AIGNER,

    Defendant.

Case No. 3:02-cr-00007-01-JWS

## **ORDER OF DISMISSAL**

On May 20, 2014, Gabriel Clark-Aigner, a self-represented federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] Mr. Clark-Aigner claims (1) that he did not "use or carry a firearm" in "furtherance" of his crime, as required in the post-1998 version of 18 U.S.C. § 924(c);[2] (2) that "§ 924(c)(1) does not authorize multiple convictions for a defendant who committed two predicate offenses with a single use of a single firearm in violation of due process, and [his 6th amendment right to] effective assistance of counsel;"[3] and (3) that he "was denied effective assistance of counsel by failing to timely file a notice of appeal in violation of due process . . . and his right to effective assistance of counsel."[4]

---

[1] Docket 511.

[2] *Id.* at 5-7.

[3] *Id.* at 7-9.

[4] *Id.* at 10-11.

1. The statute of limitations has expired.

Mr. Clark-Aigner was convicted and sentenced, pursuant to a plea agreement, on August 7, 2002.[5] Mr. Clark-Aigner filed no appeal,[6] but he filed a motion under § 2255 in 2005,[7] which was dismissed in 2006, due to the running of the statute of limitations.[8] Because, Mr. Clark-Aigner alleged no facts indicating that he was "prevented from making a motion by . . . governmental action;"[9] that he is basing his motion on a "right [which] has been newly

---

[5] Dockets 245, 246.

[6] Docket 511 at 10 (When Mr. Clark-Aigner, "after pleading guilty, advised his attorney to file an appeal in his case[,] his counsel refused[,] stating inmate had waived that right.").

[7] The current motion is not a successive petition. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."); *Gonzalez v. Crosby*, 545 U.S. 524, 535-56 (2005) ("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition."); Docket 379 at 15 (Because the "record does not support the petitioner's claim that government action prevented him from timely filing a § 2255 motion . . . the court does not reach the merits of the ineffective assistance of counsel claim."); *see also* Docket 381 ("[T]he recommended findings of fact and conclusions of law are in all respects correct. This court adopts the recommendation from the magistrate judge. The petition is DISMISSED as procedurally barred.").

[8] Dockets 337, 379, 381. Because Mr. Clark-Aigner did not file a direct appeal, his conviction became final on August 17, 2002, ten days after the date of the judgment of conviction. *See* former Fed.R.App.P. 4(b) (10 days to appeal in a criminal case).

[9] § 2255(f)(2)); *see also Daniels v. United States*, 532 U.S. 374, 384 (2001) (tolling may occur "while [the] movant is prevented from making a § 2255 motion by an 'impediment … created by governmental action in violation of the Constitution or laws of the United States.'")(quoting § 2255(f)(2)). Further, this issue was decided by the Court in

recognized by the Supreme Court and made retroactively applicable to cases on collateral review;"[10] or that he is basing his motion on newly-discovered facts,[11] the statute of limitations appears to have expired. So, after Mr. Clark-Aigner filed his current § 2255 motion, the Court ordered him to show (1) that he filed his motion within the one-year statute of limitations, or (2) that the Court should toll the one-year statute of limitations; and Mr. Clark-Aigner was told that, if he intends to rely upon equitable tolling, he must show (a) that he has been pursuing his rights diligently, *and* (b) that some extraordinary circumstance, beyond his control, prevented his timely filing.[12]

2. <u>The "miscarriage of justice" exception to time limitations does not apply in this case</u>.

Instead, Mr. Clark-Aigner's response relies upon *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), and the "actual innocence gateway . . . through which a

---

dismissing Mr. Clark-Aigner's previous § 2255 motion. Docket 379 at 15 (The "record does not support the petitioner's claim that government action prevented him from timely filing a § 2255 motion.").

[10] § 2255(f)(3).

[11] § 2255(f)(4).

[12] Docket 512; Rule 4, Rules Governing § 2255 Cases in the United States District Courts; *see also Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012) ("When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir.2001). However, 'that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond.' *Id.* at 1043; *see also Day v. McDonough*, 547 U.S. 198, 210 . . . (2006).").

petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup*[13] and *House,*[14] or [the] expiration of the statute of limitations."[15]  In fact, the Supreme Court has "applied the miscarriage of justice exception to overcome various procedural defaults."[16]  But, in *Perkins*, the Supreme Court cautioned:

> [T]enable actual-innocence gateway pleas are rare:  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, **in light of the new evidence**, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." [quoting *Schlup,* 513 U.S. at 329; *see House,* 547 U.S. at 538]  (emphasizing that the *Schlup* standard is "demanding" and seldom met).  And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. [quoting *Schlup,* 513 U.S. at 332].
> . . .
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.[17]

---

[13] *Schlup v. Delo*, 513 U.S. 293 (1995).

[14] *House v. Bell*, 547 U.S. 518 (2006).

[15] Docket 513 at 2 (citing *Perkins*, 133 S.Ct. at 1928).

[16] *Perkins*, 133 S.Ct. at 1931; *see also Larsen v. Soto*, 742 F.3d 1083, 1086, 1093 (9th Cir. 2013) ("Notwithstanding the one-year limitations period imposed on the filing of federal habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), a habeas petitioner who convincingly demonstrates that he is innocent is entitled to present his claims for relief in federal court.  [*Perkins*, 133 S.Ct. at 1928]. . . . Not only has [Larsen] consistently proclaimed his own innocence, but Petitioner's supporting witnesses have as well. . . . This appears to be one of the '*extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt.'") (quoting Magistrate Judge's Report and Recommendation, quoting *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008)).

[17] *Id.* at 1928 (emphasis added).

So, the Supreme Court explains,

> AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made. The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows "it is more likely than not that no reasonable juror would have convicted [the petitioner]." [quoting *Schlup,* 513 U.S. at 329 (internal quotation marks omitted)]. Section 2244(d)(1)(D) is both modestly more stringent (because it requires diligence) and dramatically less stringent (because it requires no showing of innocence).[18]

Mr. Clark-Aigner argues that he is actually innocent because, "in light of the interpretation of 924(c) announced in 'Bailey,' his conduct did not violate the statute; hence the conviction must be vacated."[19] Likewise, in *Vosgien v. Persson*, 742 F.3d 1131 (9th Cir. 2014), the Court of Appeals for the Ninth Circuit explains as follows:

> A federal habeas petitioner can overcome a procedural default, including a failure to comply with the statute of limitations, by demonstrating actual innocence of the crime underlying his conviction. [citing *Schlup,* 513 U.S. at 313-15, and *Perkins*, 133 S.Ct. at 1928]. . . .
> One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime. In *Bousley,* petitioner Bousley had "ple[d] guilty to 'using' a firearm in violation of 18 U.S.C. § 924(c)(1)." 523 U.S. at 616 . . . He later challenged his conviction on habeas for lack of a factual basis for his plea. *Id.* at 617 . . . The

---

[18] *Id.* at 1933.

[19] Docket 513 at 2.

district court rejected his claim and dismissed the petition. *Id.* **Five years after his plea, while his appeal from the district court's denial of habeas relief was pending, the Supreme Court "held in *Bailey v. United States,* 516 U.S. 137, 144 . . . (1995), that § 924(c)(1)'s 'use' prong requires the Government to show 'active employment of the firearm.'"** [quoting *Bousley,* 523 U.S. at 616-17]. In light of *Bailey,* Bousley argued that his "plea was involuntary because he was misinformed about the elements of a § 924(c)(1) offense." *Id.* at 617-18 . . . The Supreme Court . . . held . . . in light of *Bailey* that the district court should have "permit[ted Bousley] to attempt to make a showing of actual innocence" to overcome that default. *Id.* at 621, 623 . . . To succeed on remand, Bousley "need[ed] demonstrate no more than that he did not 'use' a firearm as that term is defined in *Bailey.*" *Id.* at 624.[20]

Mr. Clark-Aigner alleges "in light of the interpretation of 924(c) announced in 'Bailey,' his conduct did not violate the statute."[21] But contrary to Mr. Clark-Aigner's assertion, *Bailey* is not "a subsequent court decision [which] alter[ed] the prevailing interpretation of a statute and made clear that the petitioner's conduct did not violate the statute."[22] *Bailey* was decided in 1995, and Mr. Clark-Aigner was convicted in 2002, so he was not convicted under a pre-1998 version of § 924(c).[23] Mr. Clark-Aigner cannot use the *Perkins* case, which involved newly discovered evidence indicating actual innocence, to avoid the statute of

---

[20] *Vosgien*, 742 F.3d at 1134-35 (emphasis added).

[21] Docket 513 at 2.

[22] *Id.* at 4.

[23] Dockets 245, 246; *see also* Docket 511 at 5-7.

limitations, based upon an interpretation of a statute that had already been determined at the time of his judgment of conviction.[24] Unlike the facts in the *Vosgien* case (where *Bailey* was decided five years *after* the plea),[25] because *Bailey* had been decided before Mr. Clark-Aigner was convicted and sentenced, he should (and could) have addressed the interpretation of the statute in a timely manner.

**IT IS THEREFORE ORDERED:**

1. The motion at docket 511 is DENIED with prejudice, because the statute of limitation has run.[26]

2. The Clerk of Court is directed to enter a Judgment in this case.

---

[24] *Compare Perkins,* 133 S.Ct. at 1929 ("To overcome AEDPA's time limitations, Perkins asserted newly discovered evidence of actual innocence. He relied on three affidavits, each pointing to Jones, not Perkins, as Henderson's murderer.").

[25] *Vosgien*, 742 F.3d at 1135 ("Five years after his plea, while his appeal from the district court's denial of habeas relief was pending, the Supreme Court 'held in *Bailey v. United States,* 516 U.S. 137, 144 . . . (1995), that § 924(c)(1)'s "use" prong requires the Government to show 'active employment of the firearm.'") (citation omitted).

[26] *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.") (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

3. A Certificate of Appealability will be DENIED.[27]

Dated at Anchorage, Alaska this 7th day of July, 2014.

/s/ John W. Sedwick
United States District Judge

---

[27] A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Ninth Circuit Rule 22-1(a) ("Petitioners appealing the district court's judgment in either a 28 U.S.C. § 2254 or a § 2255 proceeding shall follow the procedures set forth in FRAP 4 and 22(b). A motion for a certificate of appealability ('COA') must first be considered by the district court. If the district court grants a COA, the court shall state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). The court of appeals will not act on a motion for a COA if the district court has not ruled first."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (When the district court denies a habeas corpus petition on procedural grounds and fails to reach the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").